COMMONWEALTH *vs.* ROBERT M. HOPKINS. November 6, 1984. *Practice, Criminal,* Plea, New Trial.

On March 15, 1973, the defendant and two others were convicted in the Superior Court on pleas of guilty to several counts of armed robbery. On the following day the defendant was sentenced to a lengthy term of imprisonment. On March 19, 1974, the defendant and his two codefendants moved for a new trial, alleging that they were unaware when the pleas were offered that they were waiving their rights to appeal from the denial of their motions to suppress evidence. The new trial motions were denied by the trial judge, and the denials were affirmed on appeal. *Commonwealth* v. *Hamilton,* 3 Mass. App. Ct. 554 (1975).

On August 21, 1980, the defendant filed, pro se, a second motion for a new trial, alleging, among other things, that his plea was involuntary and that he had been deprived of effective assistance of counsel. A hearing on the motion was held before a judge who was not the trial judge, he, in the

---

interim, having retired. At the outset of the hearing, the Commonwealth, relying on Mass.R.Crim.P. 30(c)(2), 378 Mass. 901 (1979), and *Commonwealth* v. *Pisa*, 384 Mass. 362 (1981), objected to any consideration of the merits of the motion. The judge reserved decision on the issue of the defendant's right to be heard on the merits and proceeded, nevertheless, to conduct an evidentiary hearing. This procedure was followed for the convenience of the parties who were in court for the hearing with witnesses. Evidence was presented which would have warranted the following findings: that Hopkins had been informed before the commencement of trial by his attorney that the recommendation of the Commonwealth on a plea of guilty would be a sentence of eight-to-twelve years; that he decided to go forward with a jury trial; that in the midst of the process of empanelling the jury, a conference of the attorneys and the judge was held at the bench in the course of which Hopkins' attorney was told by the assistant district attorney that, should the defendant then plead guilty, the Commonwealth would not be bound by the earlier agreement as to a sentence recommendation; that Hopkins' attorney in a five-minute conference with Hopkins following the bench conference neglected to inform Hopkins that the promise of an eight-to-twelve year sentence recommendation was being withdrawn; that Hopkins offered a change of plea; that Hopkins responded affirmatively when the trial judge asked him if he understood that by pleading guilty he was leaving it to the court to impose such sentence as the court deemed fit and that any sentence recommendation was not binding on the court; that, the guilty plea having been accepted, the Commonwealth recommended a sentence of twenty to thirty years; that the defendant was sentenced on the following day to serve a term of eighteen to thirty years at Massachusetts Correctional Institution, Walpole; and that Hopkins raised no objection based upon any misapprehension as to the sentence recommendation until the filing of the instant motion for a new trial in 1980. On October 12, 1983, the motion for a new trial was denied without any findings of fact or conclusions of law. After appellate argument, we remained unclear whether the judge had denied the motion on the merits or as a discretionary ruling in reliance on rule 30(c)(2), Hopkins having had the opportunity to raise the issue on or before the first motion for a new trial. Thus, the case was remanded to the motion judge for clarification.

We now have a memorandum by the motion judge which indicates that his denial of the motion for a new trial was based upon the exercise of his discretion under rule 30(c)(2).[1] That rule provides that grounds for a new trial not raised by the defendant in his original motion "are waived unless the judge in his discretion permits them to be raised in a subsequent motion,

---

[1] In the memorandum, the judge also made some findings which were, on the whole, less favorable to the defendant than those related above as warranted by the evidence. In the circumstances we are not required to determine whether all the judge's findings were warranted by the evidence.

or unless such grounds could not reasonably have been raised in the original or amended motion."

There was no abuse of discretion. Hopkins had an opportunity to raise the issue he now raises at the guilty plea hearing, at the disposition hearing the following day, and at the hearing on his first new trial motion at which he was represented by an attorney who was not his attorney at trial. The merits of his claim are questionable in light of the thorough colloquy on sentencing options conducted by the trial judge. Even if we were to regard the claim as meritorious,[2] however, we could not say that the motion judge acted arbitrarily or improperly in concluding that it came too late. The requirements of rule 30(c)(2) are "intended to establish finality of convictions." Reporters' Notes to Mass.R.Crim.P. 30(c)(2), Mass. Ann. Laws, Rules of Criminal Procedure at 484 (1979). See *Commonwealth* v. *Pisa, supra* at 366 n.5.

> *Order denying motion for a new trial affirmed.*

*Martin C. Gideonse* for the defendant.

*Thomas J. Mundy, Jr.*, Assistant District Attorney, for the Commonwealth.

---

[2] See *Commonwealth* v. *Fernandes*, 390 Mass. 714, 720 (1984); *McAleney* v. *United States*, 539 F.2d 282, 284 (1st Cir. 1976); *United States* v. *Becklean*, 598 F.2d 1122, 1125 (8th Cir.), cert. denied, 444 U.S. 864 (1979). Compare *Commonwealth* v. *Stanton*, 2 Mass. App. Ct. 614 (1974); *United States* v. *Webb*, 433 F.2d 400, 403-404 (1st Cir. 1970), cert. denied, 401 U.S. 958 (1971).