### COMMONWEALTH *vs.* JASPER DEERAN.

Suffolk.   January 7, 1986. — March 19, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* Mistrial, Postconviction relief, Judicial discretion. *Constitutional Law,* Double jeopardy, Waiver of constitutional rights. *Waiver.*

At a hearing on a criminal defendant's motion for postconviction relief, claiming that he had been placed twice in jeopardy contrary to his rights under the United States Constitution and Massachusetts common law, the judge did not, in the circumstances, abuse the discretion given him under Mass. R. Crim. P. 30 (c) (2), in declining to entertain the defendant's claim on the ground that the double jeopardy issue, which reasonably could have been raised in a prior motion the defendant had brought under rule 30 (b), was waived by reason of his failure to assert it at that time. [138-142]

INDICTMENTS found and returned in the Superior Court on December 16, 1970.

A motion for postconviction relief, filed on February 2, 1984, was heard by *John T. Ronan, J.*

A panel of Justices of the Appeals Court reported the case to the Supreme Judicial Court.

*Lillian A. Wilmore* for the defendant.

*Judy G. Zeprun,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. In 1972, the defendant was convicted of murder in the second degree and unlawfully carrying a firearm. In 1984, the defendant filed a motion for postconviction relief, claiming that he had been placed twice in jeopardy contrary to his rights under the United States Constitution and Massachusetts common law.[1] A judge of the Superior Court denied

[1] Although the motion is at times referred to as a motion for a "new trial," it is clear that the relief the defendant seeks is dismissal of the indictments on the ground of double jeopardy.

this motion, on the ground that the defendant had waived his double jeopardy claim. The defendant appealed. A panel of the Appeals Court reported the case to this court for determination pursuant to G. L. c. 211A, § 12 (1984 ed.). *Commonwealth* v. *Deeran,* 20 Mass. App. Ct. 588 (1985). We affirm the order of the Superior Court denying the defendant's motion.

A comprehensive description of the labyrinthian procedural history of this case is necessary to a full understanding of the waiver issue. Deeran was indicted by a Suffolk County grand jury in 1970 on charges of murder in the first degree and unlawfully carrying a firearm. Beginning on June 8, 1971, Deeran was tried before a jury in the Superior Court. After deliberating for eight hours, the jury were unable to reach a verdict. The judge, acting sua sponte, declared a mistrial.[2] The defendant did not object to this declaration of mistrial.

At a second trial before a jury in 1972, Deeran was convicted of murder in the second degree and unlawfully carrying a firearm. Deeran appealed, but did not raise the issue of double jeopardy. We affirmed his convictions in *Commonwealth* v. *Deeran,* 364 Mass. 193 (1973), after reviewing the whole case, on both the law and the evidence, pursuant to our duty under G. L. c. 278, § 33E, as amended through St. 1962, c. 453. For a summary of the evidence presented at trial, and the issues raised on appeal, see *id.* at 194.

In 1975, Deeran filed a petition for writ of error, alleging for the first time that his double jeopardy rights had been violated. Deeran also claimed ineffective assistance of counsel, due to his trial counsel's failure to object to the judge's declaration of a mistrial. In 1976, a single justice of the Supreme Judicial Court denied Deeran's petition for writ of error. The single justice ruled that Deeran was barred from raising the double jeopardy claim, due to his failure to object to the mistrial either at the time it was declared, or prior to the second trial. The single justice also ruled that Deeran was not denied the

[2] The judge's declaration of mistrial occurred shortly after midnight on Saturday morning, June 16. The judge stated that he feared lengthy or overnight deliberations might coerce those jurors espousing a minority view to surrender their positions.

effective assistance of counsel, because his lawyer's failure to object to the mistrial may have been a "tactical choice." Finally, the single justice determined that there was no "substantial risk of a miscarriage of justice" apparent from the record. Deeran did not appeal the single justice's denial of his petition to the full bench of this court.

In 1976, Deeran filed pro se a motion for a new trial. Deeran again raised the issues of double jeopardy and ineffective assistance of counsel. However, before a determination on the motion was rendered, Deeran sought leave to withdraw the motion without prejudice, on the ground that these issues "were resolved" by the single justice. The defendant was allowed to withdraw the motion.

In 1979, Deeran filed yet another motion for a new trial. In this motion, Deeran alleged that the trial judge's instructions on self-defense and provocation were constitutionally deficient. The motion was denied. The Appeals Court affirmed the Superior Court's denial of Deeran's motion in *Commonwealth v. Deeran,* 10 Mass. App. Ct. 646 (1980).

Undaunted, Deeran in 1981 filed a petition for habeas corpus in the United States District Court, once again claiming that his double jeopardy rights had been violated. In 1982, Deeran's petition was dismissed on the ground that he had failed to exhaust State remedies. *Deeran v. Ponte,* No. 81-2527-G (D. Mass. Dec. 29, 1982).

Deeran then filed the present motion in the Superior Court pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979). After a hearing, the motion judge ruled that Deeran had waived his double jeopardy claim by failing to assert it in his 1979 motion for a new trial. See Mass. R. Crim. P. 30 (c) (2). The judge declined to exercise his discretion under rule 30 (c) (2) to entertain the claim, on the ground that the double jeopardy issue was "known" to the defendant prior to his 1979 motion, and therefore should not be "resurrected" on the defendant's third appeal.

The judge did not abuse his discretion in denying Deeran's motion for postconviction relief. Massachusetts R. Crim. P. 30 (c) (2) provides as follows: "All grounds for relief claimed

by a defendant under . . . this rule shall be raised by the defendant in his original or amended motion. Any grounds not so raised are waived unless the judge in his discretion permits them to be raised in a subsequent motion, or unless such grounds could not reasonably have been raised in the original or amended motion." Under this rule, a defendant must assert all reasonably available grounds for postconviction relief in his first rule 30 motion, or those claims are lost. *Commonwealth v. Pisa,* 384 Mass. 362, 366-367 (1981). Cf. *Commonwealth v. Wooldridge,* 19 Mass. App. Ct. 162, 169 (1985) (no waiver where issue could not reasonably have been raised in first motion). This waiver rule applies equally to constitutional claims which could have been raised, but were not raised, in the defendant's original motion. See *Commonwealth v. Layne,* 386 Mass. 291, 297 (1982) (constitutional challenge to sentences waived where not asserted in prior postconviction motion); *Commonwealth v. Hopkins,* 18 Mass. App. Ct. 982 (1984) (postconviction claims of involuntary plea and ineffective assistance of counsel waived where not asserted in prior motion). Because Deeran failed to assert the double jeopardy issue in his 1979 motion for a new trial, he properly is deemed to have waived the claim under Mass. R. Crim. P. 30 (c)(2).[3]

Although Mass. R. Crim. P. 30 (c) (2) empowers a motion judge, in his discretion, to hear the merits of a petitioner's postconviction claim despite a finding of waiver, the judge in this case properly declined to do so. The judge cited the following factors influencing his decision not to entertain the double

---

[3] Deeran's 1979 motion for a new trial is properly governed by the waiver provisions of Mass. R. Crim. P. 30 (c) (2), even though the motion was filed prior to the effective date of the rule. Deeran filed his first motion for a new trial, in which he failed to raise the double jeopardy claim, on February 21, 1979. The rules of criminal procedure, although adopted by the Justices of this court on October 19, 1978, were not given effect until July 1, 1979. 378 Mass. 842 (1979). However, no action was taken on Deeran's motion until November, 1979. The 1979 motion was thus a case "in progress" within the meaning of Mass. R. Crim. P. 1A (7), 378 Mass. 843 (1979), which provides that pending matters should be governed, in so far as "feasible," by the new rules. The judge acted within his discretion in finding a waiver under Mass. R. Crim. P. 30 (c) (2) based on Deeran's failure to raise the double jeopardy issue in his 1979 motion.

jeopardy claim: Deeran clearly understood the significance of the double jeopardy issue prior to his 1979 motion for a new trial; Deeran was represented by counsel of his choice at all relevant times since 1976; Deeran's failure to raise the double jeopardy claim in 1979 suggests that it was "not thought to be critical"; and, considerations of judicial administration warrant "requiring defendants to assert all known constitutional claims in a timely and unified manner." We conclude that the judge's refusal to overlook Deeran's waiver was an appropriate exercise of the discretion vested in him by Mass. R. Crim. P. 30 (c) (2). See *Commonwealth* v. *Hopkins,* 18 Mass. App. Ct. 982, 984 (1984) (motion judge did not act arbitrarily or improperly in refusing to reach issues raised in second motion for new trial). Cf. *Commonwealth* v. *McLaughlin,* 364 Mass. 211, 229 (1973) (motion judge acted within his discretion in refusing to consider issues not objected to at trial).

Our conclusion that the judge appropriately exercised his discretion based upon a waiver in the 1979 proceedings is bolstered by the events of 1973 and 1976. These several proceedings, singly or in combination, could be said to constitute a waiver of the defendant's double jeopardy assertion. In 1973, Deeran failed to assert his double jeopardy claim during this court's plenary review of his convictions on direct appeal. In 1976, a single justice of this court ruled that the defendant was barred from raising the double jeopardy claim in a petition for writ of error, and Deeran failed to appeal this decision to the full bench. And again in 1976, Deeran filed a motion for "new trial" on the ground of double jeopardy, but subsequently withdrew this motion, stating that he realized the single justice had "resolved" the issue earlier in 1976. All of these prior proceedings were before the motion judge, and it is appropriate for us to consider them in determining whether he properly concluded that the 1979 events constituted a waiver.

Deeran argues that he cannot be deemed to have waived his double jeopardy claim under Mass. R. Crim. P. 30 (c) (2) in the absence of a "knowing" and "intelligent" waiver.[4] *Johnson*

---

[4] Deeran also argues in his brief that, if he is deemed to have waived his double jeopardy claim, then he has been denied his right to the effective

v. *Zerbst,* 304 U.S. 458, 464 (1938). See *Commonwealth* v. *Goldman,* 395 Mass. 495, 507 (1985) (court will indulge every reasonable presumption against waiver of fundamental constitutional rights). See also *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 53 (1976). Deeran argues that mere silence on his part in failing to assert the double jeopardy claim in 1979 does not constitute an "intentional" relinquishment of a constitutional right. *Zerbst, supra.* Yet Deeran fundamentally misperceives the waiver at issue in this case. Deeran's waiver under Mass. R. Crim. P. 30 (c) (2) constitutes a procedural waiver of his right to assert a constitutional *claim* in a postconviction motion. The "knowing" and "intelligent" standard of *Zerbst* applies only to a defendant's "consent" to the actual relinquishment of the constitutional *right. Id.* at 468 (whether defendant knowingly consented to lack of representation). In this case, Deeran's "consent" to being placed twice in jeopardy occurred, if at all, when he stood silent at the time of his retrial in 1972. Yet the motion judge's finding of waiver, and our affirmation thereof, are not based on Deeran's failure to raise a contemporaneous objection to the declaration of mistrial,[5] but rather

---

assistance of counsel due to his attorney's failure to raise the claim in the 1979 motion for new trial. This issue is not properly before us on appeal because Deeran did not raise it below in his motion for postconviction relief. We pause only to note that, because a defendant does not have a constitutional right to the representation of counsel on a motion for a new trial, or a right under Mass. R. Crim. P. 30 (c) (5) (see *Commonwealth* v. *Conceicao,* 388 Mass. 255, 258-264 [1983]), there can be no viable claim that counsel's ineffectiveness deprived him of this "right."

[5] Because we conclude that Deeran waived his double jeopardy claim by failing to assert it in his 1979 motion for a new trial, we need not decide whether his failure to raise a contemporaneous objection to the trial judge's declaration of mistrial constituted an effective waiver of his double jeopardy rights. See *United States* v. *Bascaro,* 742 F.2d 1335, 1365 (11th Cir. 1984) (waiver of double jeopardy claim where defense counsel failed to lodge an objection prior to the completion of the second trial); *United States* v. *Milhim,* 702 F.2d 522, 524 (5th Cir. 1983) (same); *Paul* v. *Henderson,* 698 F.2d 589, 592 (2d Cir.), cert. denied, 464 U.S. 835 (1983) (same). But see *United States* v. *Broce,* 753 F.2d 811, 822 (10th Cir. 1985) (no waiver of double jeopardy rights in absence of "informed and intentional" waiver); *Walker* v. *Lockhart,* 620 F.2d 683, 687 (8th Cir. 1980) (same); *United States* v. *Young,* 503 F.2d 1072, 1075 (3d Cir. 1974) (same).

on his failure to assert the double jeopardy claim in his 1979 motion. The procedural waiver of a claim, as opposed to a defendant's express or implied consent to the loss of a substantive constitutional right, need not be "knowing" and "intelligent."

Ironically, Deeran urges us to put an end to the "seemingly endless series" of postconviction motions, and finally to reach the merits of his "compelling" double jeopardy claim. The waiver provisions of Mass. R. Crim. P. 30 (c) (2) were designed to achieve "finality of convictions," and to eliminate "piecemeal litigation'. . . whose only purpose is to vex, harass, or delay." Reporters' Notes to Mass. R. Crim. P. 30 (c) (2), Mass. Ann. Laws, Rules of Criminal Procedure at 484 (1979), quoting *Sanders* v. *United States,* 373 U.S. 1, 18 (1963). The very purpose of the rule is to curtail successive and vexatious postconviction proceedings initiated by dissatisfied defendants who have already obtained review of their convictions on direct appeal. *Commonwealth* v. *Layne,* 386 Mass. 291, 297-298 (1982). It is neither unreasonable nor unduly burdensome to require a defendant such as Deeran to assert all known constitutional claims in his first motion for postconviction relief. *Commonwealth* v. *Pisa,* 384 Mass. 362, 366 (1981). "Any other practice would unfairly consume public resources without any corresponding benefit to the administration of justice." *Id.* The waiver provision of Mass. R. Crim. P. 30 (c) (2) reflects the State's valid interest in seeking a visible end to the criminal process. "There must be a reasonable moment for a judgment to become final and a time beyond which further challenges must be barred." *Reddick* v. *Commonwealth,* 381 Mass. 398, 403 (1980). That time has passed for Deeran, who waived his double jeopardy claim by failing to assert it in 1979.

The order of the Superior Court denying the defendant's motion for postconviction relief is affirmed.

*So ordered.*