**Herman HALL, Jr., Petitioner, Appellant,**

**v.**

**Superintendent Paul L. DiPAOLO, Respondent, Appellee.**

No. 92–1912.

United States Court of Appeals, First Circuit.

Feb. 18, 1993.

---

Herman H. Hall, Jr., pro se on Application for Certificate of Probable Cause and brief.

Before TORRUELLA, CYR and STAHL, Circuit Judges.

PER CURIAM.

*Pro se* petitioner Herman Hall, a Massachusetts inmate, seeks a certificate of probable cause to appeal the dismissal of his second petition for habeas corpus. The district court adopted the recommendation of a magistrate judge and dismissed the habeas petition on the the ground that Hall failed to exhaust his state remedies. In so doing, the court relied on the fact that Hall had previously filed a similar habeas petition that was dismissed for nonexhaustion. For the reasons discussed below, we grant the certificate of probable cause and vacate the dismissal. We remand for consideration of the issue whether exhaustion has obtained as a result of certain post-conviction motions that Hall filed in state court.

I.

On July 29, 1988, Hall was convicted by a Suffolk Superior Court jury of larceny of a motor vehicle and burning personal property. The charges arose from Hall's alleged theft of a Cadillac from the victims, Earl Fisher and his mother, Lula Fisher, between January 3-6, 1988. The Massachusetts Appeals Court affirmed Hall's conviction on direct appeal in an unpublished decision. *See Commonwealth v. Herman H. Hall, Jr.,* 28 Mass.App.Ct. 1111, 550 N.E.2d 153 (1990). On March 28, 1990, the Massachusetts Supreme Judicial Court (SJC) denied Hall's application for further appellate review. *See* 407 Mass. 1101, 552 N.E.2d 863 (1990).[1] Hall then turned to federal court.

Hall filed his first habeas corpus petition in June 1990. The petition, supplemented by multiple filings, raised five claims:

**1.** We note that Hall, who was represented by appointed counsel at trial and on appeal, filed *pro se* briefs with the Massachusetts Appeals Court and Supreme Judicial Court (SJC). The Appeals Court considered and rejected the argu-

ments raised in Hall's *pro se* brief in its decision affirming Hall's conviction. The SJC did not consider Hall's *pro se* brief; rather, that court returned Hall's brief to him while advising Hall to have his counsel raise his claims.

(1) that Hall's conviction resulted from evidence gained in an unconstitutional search and seizure (i.e., the VX–829 registration);

(2) that Earl Fisher and another man conspired to "do an insurance job" on the car, and, with the help of officials from the Boston Fire Department's Arson Squad, framed Hall;

(3) that Hall was unlawfully arrested in Providence by Boston Arson Squad officers who, in addition to lacking probable cause, had no territorial jurisdiction to arrest Hall;

(4) that the district attorney tricked the jury into believing that Hall stole the car and "re-registered" it in Rhode Island when, in fact, the car was never "re-registered." Hall alleged that the prosecutor deliberately misrepresented the facts concerning the car's registrations.

(5) ineffective assistance of counsel based on defense counsel's failure to (a) move to suppress the VX–829 registration evidence, (b) challenge the lawfulness of Hall's arrest, (c) call certain witnesses, and (d) impeach Earl Fisher. Hall also complained that defense counsel helped the district attorney cover-up the Arson Squad's misconduct.[2]

The respondent filed an answer which raised nonexhaustion, *inter alia*, as an affirmative defense. This defense was specifically predicated on the assertion that none of Hall's habeas claims were raised in Hall's direct criminal appeal. The district court adopted the recommendation of a magistrate judge and dismissed Hall's habeas petition because none of his claims had been raised in Hall's application for further appellate review. *See Mele v. Fitchburg Dist. Court*, 850 F.2d 817, 823 (1st Cir.1988) (holding "that an appealed issue cannot be considered as having been fairly presented to the SJC for exhaustion purposes unless the applicant has raised it within the four corners of the [application for further appellate review]").[3] The district court granted Hall's request for a certificate of probable cause, but his appeal from this dismissal order was dismissed as untimely. Undaunted, Hall filed a second habeas petition with the district court. This second petition essentially reiterated the five claims identified above, although the petitions are not identical twins.[4]

A different magistrate judge recommended that Hall's second habeas petition be summarily dismissed because it raised the same claims as his first and Hall still had failed to exhaust his state remedies. The district court adopted this recommendation and dismissed the petition.[5] Thereafter, the court denied Hall's request for a certificate of probable cause on the same nonexhaustion ground. Hall has filed a timely notice of appeal and request for a certificate of probable cause.

## II.

In answering a habeas corpus petition under 28 U.S.C. § 2254, the respondent is required to "state whether the petitioner has exhausted his state remedies *including any post-conviction remedies available to him under the statutes or procedural rules of the state and including also his right of appeal both from the judgment of conviction and from any adverse judgment or order in the post-con-*

---

**2.** In addition to the five claims enumerated above, Hall also alleged that the only black juror was "terrorized" and that the prosecution unlawfully erased portions of the tape recordings of Hall's probable cause hearing.

**3.** While the district court did not identify Hall's ineffective assistance of counsel claim, its finding that none of Hall's habeas claims were raised within the four corners of his application for further appellate review remains correct.

**4.** Hall's second habeas petition did not allege that the lone black juror had been terrorized, nor that the prosecution had erased any tapes. The second habeas petition also challenged the sufficiency of the evidence at Hall's trial, a claim that was not presented in his first petition.

**5.** This dismissal order was entered before Hall's objections to the magistrate judge's report were filed. However, that report gave Hall ten days from his *receipt* of the report in which to file his objections. Hall filed his objections on April 6, 1992, within the requisite ten days (excluding weekends as required by Fed.R.Civ.P. 6(a)) of his alleged receipt of the report on March 25, 1992.

*viction proceeding."* *See* Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. (emphasis supplied). The record indicates that Hall filed two *pro se* post-conviction motions in the Massachusetts superior court before his direct appeal was resolved. The first of these raised an ineffective assistance of counsel claim, which the trial court denied on the merits and Hall did not appeal. Hall's second post-conviction motion (titled "Motion for new trial/newly discovered evidence") raised Hall's unconstitutional arrest and search and seizure claims, as well as a less intelligible claim that Hall could not show his evidence to the jury.[6] This motion also was denied by the trial judge. The record indicates that Hall filed a *pro se* notice of appeal from this ruling, but no disposition of this appeal is recorded. From all that appears in the record, it may still be pending.

■ " '[I]n determining whether a remedy for a particular constitutional claim is "available," the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim.' " *Carsetti v. Maine,* 932 F.2d 1007, 1012 (1st Cir.1991) (quoting *Harris v. Reed,* 489 U.S. 255, 268, 109 S.Ct. 1038, 1046, 103 L.Ed.2d 308 (O'Connor, J., concurring)). Because the respondent overlooked Hall's post-conviction motions in its original answer to Hall's first habeas petition, the district court was not able to assess the likelihood that exhaustion has obtained through Hall's post-conviction motions. Yet it appears likely that exhaustion has obtained, if not through Hall's actual presentation of his habeas claims to the state courts, then by a procedural default. We explain.

■ "[T]he exhaustion doctrine requires that a state defendant seeking to overturn his conviction on federal grounds first must give the state courts 'a fair opportunity' to consider his claims. (citation omit-

ted). This means that the habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error." *Lanigan v. Maloney,* 853 F.2d 40, 42 (1st Cir.1988), *cert. denied,* 488 U.S. 1007, 109 S.Ct. 788, 102 L.Ed.2d 780 (1989). However, exhaustion may be found even where the habeas petitioner has never presented his federal claims to state court. Such would be the case if, at the time the habeas petition was filed, there was no longer a state remedy available due to the petitioner's procedural default.

■ "[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris v. Reed,* 489 U.S. 255, 263 n. 9, 109 S.Ct. 1038, 1043 n. 9, 103 L.Ed.2d 308 (1989). Where exhaustion has obtained through a procedural default, the habeas petitioner must show cause for that default and prejudice arising therefrom before the federal court may reach the merits of his habeas claims. *See, e.g., Teague v. Lane,* 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989); *cf. Church v. Sullivan,* 942 F.2d 1501, 1507 n. 5 (10th Cir.1991). In the usual case, victims of a fundamental miscarriage of justice will meet the "cause plus prejudice" test. *See Murray v. Carrier,* 477 U.S. 478, 495–96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986). However, in those rare cases where that is not so, a federal habeas court may consider a procedurally defaulted claim absent a showing of cause for the default only where the petitioner demonstrates that his is an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." *Id.* at 496, 106 S.Ct. at 2649; *Thigpen v. Thigpen,* 926 F.2d 1003, 1010 n. 17 (11th Cir.1991).

---

**6.** Our descriptions of the substance of Hall's post-conviction motions are drawn from his habeas petitions. Their procedural history in the state court is disclosed by the Massachusetts superior court docket sheet appended to the government's answer to Hall's first habeas petition.

Assuming that neither of Hall's post-conviction motions can be fairly said to have raised his federal habeas claims, Hall is now in the position of having to file a third post-conviction motion in state court. Under Massachusetts law, a criminal defendant may file a motion for post-conviction relief at any time, however any grounds not raised in a defendant's first such motion are waived unless (a) the trial judge exercises his discretion to allow said grounds to be heard on their merits, or (b) the defendant shows that the new grounds raised in a successive post-conviction motion could not have been raised in his first motion. *See* Massachusetts R.Crim.P. 30. As most of the evidence Hall has submitted in support of his claims appears to have been available to him when he filed his first post-conviction motion, it appears likely that he will be held to have waived his habeas claims upon filing a third motion with the superior court. *See, e.g., Commonwealth v. Deeran,* 397 Mass. 136, 139, 490 N.E.2d 412 (1986) ("[A] defendant must assert all reasonably available grounds for post-conviction relief in his first rule 30 motion, or those claims are lost.... This waiver rule applies equally to constitutional claims which could have been raised, but were not raised, in the defendant's original motion.") (internal citations omitted). If the district court concludes that the Massachusetts courts are likely to so hold, state review on the merits would no longer be available and exhaustion could be found. *See, e.g., Engle v. Isaac,* 456 U.S. 107, 125–26 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). If exhaustion obtains through such a procedural default, then Hall must show cause for his default and prejudice arising therefrom before the district court may reach the merits of his claims. Alternatively, he must show that a constitutional violation has resulted in his conviction despite his innocence.

On the other hand, a finding that Hall has actually exhausted his state remedies may be warranted if Hall's second post-conviction motion raised his habeas claims and his appeal from the denial of that motion has remained pending since 1988 without justification. *See Dixon v. Flori-* *da,* 388 F.2d 424, 425–26 (5th Cir.1968) (noting that exhaustion may result from lapse of time where state court record disclosed 19 month delay in processing of habeas petitioner's post-conviction motion). *Cf. Odsen v. Moore,* 445 F.2d 806, 807 (1st Cir.1971) (per curiam) (three year delay in processing of habeas petitioner's direct criminal appeal may justify setting comity aside and fashioning remedy according to circumstances). Alternatively, we note that Hall submitted *pro se* briefs to the Massachusetts Appeals Court (which considered and rejected his claims) and to the Supreme Judicial Court (which apparently did not consider Hall's claims, but rather mailed Hall's brief back to him). If these briefs were submitted in connection with Hall's appeal on his second post-conviction motion and raised Hall's habeas claims, then Hall could be held to have exhausted his state remedies by submitting a *pro se* brief to the SJC. *See Mele v. Fitchburg Dist. Court,* 850 F.2d at 820, (habeas petitioner "must fairly present—*or do his best to present—*" habeas claims to state's highest court) (emphasis supplied). After all, exhaustion does not require that the SJC have addressed or decided Hall's federal claims. *See Gagne v. Fair,* 835 F.2d 6, 8 (1st Cir.1987).

In summation, where the district court did not consider the possibility that exhaustion may have obtained through Hall's post-conviction motions, a remand is required.

*Accordingly, the petitioner's request for a certificate of probable cause is granted. The judgment of dismissal is vacated. The case is remanded for further proceedings consistent with this opinion.*