USCA1 Opinion

 

 May 5, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1270 DUON G. TOWNSEND, Plaintiff, Appellant, v. COMMISSIONER, N.H. DEPARTMENT OF CORRECTIONS, ET AL., Respondents, Appellees. __________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ___________________ Before Torruella, Selya and Stahl, Circuit Judges. ______________ ___________________ Duon G. Townsend, pro se, on Application for Certificate of _________________ Probable Cause. __________________ __________________ Per Curiam. Petitioner requests a certificate of ___________ probable cause ("CPC") to appeal from the district court's dismissal without prejudice of his habeas petition for failure to exhaust state remedies. We grant the CPC and dismiss the petition with prejudice on the grounds that petitioner has procedurally defaulted on his federal habeas claims in state court and that there is not sufficient cause to excuse the default. Petitioner's failure to appeal the denial of his state habeas petition to the New Hampshire Supreme Court constitutes a procedural default rather than a failure to exhaust state remedies. The time for appealing the denial has expired. See New Hampshire Supreme Court Rule 7. ___ Therefore, petitioner is procedurally barred from presenting his claims to the New Hampshire Supreme Court in order to meet the exhaustion requirement. See Coleman v. Thompson, ___ _______ ________ 111 S. Ct. 2546, 2557 n.1 (1991). To obtain federal habeas review of procedurally defaulted claims, petitioner must demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S. Ct. at 2565. The _______ ________ cause requirement is satisfied only by a showing that "some objective factor external to the defense" impeded compliance -2- with the state procedural rule. Murray v. Carrier, 477 U.S. ______ _______ 478, 488 (1986). This standard applies to pro se ___ __ petitioners. See, e.g., Caswell v. Ryan, 953 F.2d 853, 862 ___ ____ _______ ____ (3d Cir.), cert. denied, __ U.S. __, 112 S.Ct. 2283 (1992). ____________ It is clear that petitioner cannot meet the cause requirement. The record does not contain even a hint of an "objective factor" that caused the failure to appeal. Nor can petitioner claim ignorance of the proper procedure for filing an appeal. The record demonstrates that he was aware of his right to appeal. In fact, petitioner filed a notice of appeal with the superior court. The superior court returned the notice to him with a note instructing him to file the appeal with the New Hampshire Supreme Court. There is no "cause" for petitioner's failure to do so. It is not necessary to address the prejudice prong of the cause-and- prejudice test since the cause requirement is clearly not satisfied. See Puleio v. Vose, 830 F.2d 1197, 1202 (1st Cir. ___ ______ ____ 1987), cert. denied. 485 U.S. 990 (1988). ____________ "[A] federal habeas court may consider a procedurally defaulted claim absent a showing of cause for the default only where the petitioner demonstrates that his is an 'extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent. . . .'" Hall v. DiPaolo, 986 F.2d 7, 10 ____ _______ (1st Cir. 1993) (quoting Murray v. Carrier, 477 U.S. at 496). ______ _______ -3- From the record, it is clear that this is not such an "extraordinary case." Petitioner does not claim that the alleged constitutional violation has resulted in his conviction despite his innocence, only that it has deprived him of early release. Accordingly, petitioner's habeas petition is dismissed with prejudice. -4-