Krupula v. State of NH          CV-95-014-B    09/13/95

UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE


Christopher Krupula

        v.                                    Civil No. 95-014-B

State of New Hampshire


                            **O R D E R**

        The state moves for summary judgment to deny Christopher

Krupula's petition for a writ of habeas corpus seeking relief

from his state conviction and sentence.  In support of its

motion, the state argues that the grounds asserted in Krupula's

petition are procedurally barred, unripe, not exhausted in state

court, or without merit.  Because I find that Krupula has not met

the exhaustion requirement of 28 U.S.C.A. § 2254(b) (West 1994),

I grant summary judgment dismissing his petition without

prejudice to pursue available state remedies.



                       **I.  BACKGROUND**

        Christopher Krupula plead guilty to six counts of sexual

assault on February 6, 1992, and was sentenced in April to serve

four to ten years at the New Hampshire State Prison.  The court

included as a condition of his sentence that he participate

meaningfully in a sexual offender program at the prison, and provided that after serving two years of his sentence and successful completion of the sexual offender program, Krupula would have the right to petition for a suspension of the remainder of his sentence.

When Lance Messinger, Sexual Offender Program Coordinator, interviewed Krupula in August 1992 for admission into a sexual offender program at the prison, he reported that Krupula denied committing the sexual assaults for which he plead guilty. As a result, Krupula was not admitted into a program. A year later, in August 1993, Krupula again began efforts to be admitted into a program and at the same time, through counsel, filed a petition for writ of habeas corpus in state court. When his petition was denied, he appealed to the New Hampshire Supreme Court.[1]

_____

[1] Krupula presented the following issues on appeal:

1. Was the petition for a Writ of Habeas Corpus improperly denied due to the fact that the facts alleged in the petition, if true, would have entitled the petitioner to relief on the grounds that he was required, as a necessary predicate to his admission to sexual offender counselling, to admit to uncharged offenses and thereby waive his State and Federal rights against self-incrimination?

. . . .

2. Is the petitioner's continued incarceration unconstitutional as it amounts to punishment for the

2

Krupula was admitted into the relapse prevention sexual offender program in January 1994. In September, the state moved to dismiss Krupula's supreme court appeal as moot because he had been allowed to participate in the program. Krupula did not object to the state's motion to dismiss, and the court dismissed the appeal as moot on September 26, 1994. At about the same time, Krupula was terminated from the program for reasons that remain in dispute. Krupula alleges that he was terminated because he refused to admit to uncharged crimes. The state alleges that he was terminated because "of his conduct, including missing sessions, failing to complete required assignments, and other reasons."

Krupula, proceeding pro se and in forma pauperis, filed his habeas corpus petition here in January 1995, asserting a variety of constitutional infirmities in the state court proceedings and challenging his confinement. After review under Rule 4 of the Rules Governing Habeas Corpus Cases, the magistrate judge determined that Krupula's petition included both exhausted and

---

petitioner's assertion of his right not to incriminate himself in order to avail himself of the rights he obtained by virtue of a negotiated plea agreement that did not involve the waiver of his right against self-incrimination, that was agreed to by the State and approved by the trial court?

unexhausted claims.  As directed by the magistrate judge's order, Krupula chose to proceed on the exhausted grounds that the conditions of participation in the sexual offender program at the prison violated his right against self-incrimination and that he was improperly prevented from completing the program.  The state moved for reconsideration of the magistrate judge's order allowing the limited version of the petition.  In response, I ordered the state to express its objections in a motion for summary judgment, which is the motion presently under consideration.

## II.  DISCUSSION

In habeas corpus proceedings, as in other civil actions,[2] summary judgment is appropriate if the facts taken in the light most favorable to the nonmoving party show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 4 (1st Cir. 1994).

The state argues that Krupula's habeas corpus petition

---

[2]  Fed. R. Civ. P. 81(a)(2); see also Williams v. Scott, 35 F.3d 159, 161 (5th Cir. 1994), cert. denied, 115 S. Ct. 959 (1995).

4

should be denied because he has not exhausted his state court remedies. The statute directs that a petition for habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C.A. § 2254(b). The exhaustion requirement insures that a petitioner has afforded the state court a fair opportunity to address the petitioner's federal constitutional claims and correct any constitutional error prior to review by a federal court. Picard v. Connor, 404 U.S. 270, 275 (1971); Hall v. DiPaolo, 986 F.2d 7, 10 (1st Cir. 1993). A "fair opportunity" means that the claim must have been presented for consideration on the merits. Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). Moreover, a petitioner cannot meet the exhaustion requirement by showing that he presented the same legal claim to the state's highest court if the federal claim arises from a different factual context. Carillo v. Brown, 807 F.2d 1094, 1099 (1st Cir. 1986) (habeas claim not exhausted when it is based on new factual allegations in federal court that cast the claim in a "significantly different light").

5

Krupula's current claim arises from a significantly different factual setting than the circumstances that gave rise to his state court claim. In state court, Krupula challenged the state's refusal to admit him to the sexual offender program. He now contends that he was improperly prevented from completing the program. Assuming, without deciding, that the legal theory underlying both claims is identical and the issues raised in his state habeas petition were "presented" to the New Hampshire Supreme Court for decision, Krupula still has not exhausted his current claim because the factual settings that gave rise to both claims are significantly different. Accordingly, his claim must be dismissed without prejudice to his right to raise the claim in state court.

## III. CONCLUSION

For the foregoing reasons, the state's motion for summary judgment (document no. 17) is granted without prejudice to the petitioner to seek state court remedies.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

September 13, 1995
cc:  Christopher Krupula, pro se
     John C. Kissinger, Esq.