In 2014, following a jury-waived trial in the Superior Court, the defendant was convicted of home invasion, G. L. c. 265, § 18C ; carrying a dangerous weapon, G. L. c. 269, § 10 (b ) (second offense); stalking, G. L. c. 265, § 43 (a ) ; witness intimidation, G. L. c. 268, § 13B ; annoying communications, G. L. c. 269, § 14A ; and assault and battery, G. L. c. 265, § 13A (a ). The defendant appealed the judgments and also filed a motion for release from unlawful restraint pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). The trial judge denied the rule 30 (a) motion and a motion for reconsideration. In 2016, a different panel of this court affirmed the judgments in an unpublished memorandum and order issued pursuant to our rule 1:28. See Commonwealth v. Fox, 90 Mass. App. Ct. 1108 (2016) (Fox I ).
The defendant then filed a second motion for release from unlawful restraint and for a new trial. See Mass. R. Crim. P. 30 (a), (b). As relevant here, he claimed that (1) his conviction of carrying a dangerous weapon violated his constitutional right to bear arms under the Second Amendment to the United States Constitution, and (2) his trial counsel was ineffective. On appeal, the defendant claims error in the trial judge's denial of that motion. We affirm.
Discussion.[2] We review the trial judge's denial of the rule 30 motion to determine whether there has been a significant error of law or other abuse of discretion. See Commonwealth v. Perez, 480 Mass. 562, 567 (2018) (motion under rule 30 [a] ); Commonwealth v. Grace, 397 Mass. 303, 307 (1986) (motion under rule 30 [b] ). We accord greater deference to the judge's decision because she presided over the trial. Commonwealth v. Brown, 479 Mass. 163, 168-169 (2018). We review the defendant's claim of ineffective assistance to determine whether the defendant has satisfied his burden of "showing that the behavior of counsel fell below that of an ordinary, fallible lawyer and that such failing 'likely deprived the defendant of an otherwise available, substantial ground of defence.' " Commonwealth v. Comita, 441 Mass. 86, 90 (2004), quoting Commonwealth v. Saferian, 366 Mass. 89, 96-97 (1974). Finally, because the defendant did not raise a constitutional challenge to G. L. c. 269, § 10 (b ), at the time of trial or in connection with his first motion for postconviction relief, we review that claim for a substantial risk of a miscarriage of justice. See Mass. R. Crim. P. 30 (c) (2) ; Commonwealth v. St. Louis, 473 Mass. 350, 255 (2015).[3]
1. Carrying a dangerous weapon. In rejecting the argument that the defendant's conviction of carrying a dangerous weapon violated his constitutional right to bear arms, the trial judge, quoting District of Columbia v. Heller, 554 U.S. 570, 627 (2008), reasoned that "the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as the carrying of dangerous and unusual weapons." She concluded that the statute is not unconstitutional on its face because the Legislature has reasonably deemed knives with opening mechanisms designed to allow for easy access in a violent confrontation, such as that carried by the defendant, to be knives "not typically possessed by law-abiding citizens for lawful purposes." The judge also concluded that the statute is not unconstitutional as applied to the defendant because he did not carry the knife for a lawful purpose; rather, he used it in a "violent and unlawful confrontation" with the victim. We discern no error in the judge's reasoning.
The Supreme Judicial Court has repeatedly rejected facial challenges, on Second Amendment grounds, to those portions of the statute that regulate firearms.[4] See Commonwealth v. Cassidy, 479 Mass. 527, 539 (2018), cert. denied, --- U.S. ---- (October 1, 2018), and cases cited. Assuming without deciding that knives such as that carried by the defendant are "arms" within the meaning of the Second Amendment,[5] the portion of the statute that is at issue here does not offend the Second Amendment because the prohibition on knives "is not a blanket one." Commonwealth v. Gouse, 461 Mass. 787, 800 (2012). Contrast Ramirez v. Commonwealth, 479 Mass. 331, 341-342 (2018) (total ban on stun guns is unconstitutional). Instead, the statute "makes it illegal for anyone to carry certain kinds of knives" unless they have permission "as provided by law" (emphasis added). Commonwealth v. Higgins, 85 Mass. App. Ct. 534, 535 & n.2 (2014), quoting G. L. c. 269, § 10 (b ). It "leaves a person free to possess any otherwise lawful [knife] he chooses -- so long as it" is not one enumerated in the statute. United States v. Marzarella, 614 F.3d 85, 97 (3d Cir. 2010). The "certain kinds of knives" that are prohibited are specifically identified in the statute, whose purpose is "to outlaw the carrying of those knives which are primarily designed for stabbing human beings or for other unlawful objectives." Commonwealth v. Miller, 22 Mass. App. Ct. 694, 696 (1986). Because the knives identified in the statute are not designed for a lawful purpose, the trial judge correctly concluded that carrying them is not protected by the Second Amendment. Commonwealth v. Powell, 459 Mass. 572, 584 (2011), cert. denied, 565 U.S. 1262 (2012), citing Heller, 554 U.S. at 617-618 ("the right protected by the Second Amendment involves only the bearing of arms for a lawful purpose"). See Commonwealth v. Abramms, 66 Mass. App. Ct. 576, 587 (2006) (Brown, J., concurring) ("Where a constitutional construction of a challenged statute is possible, a facial challenge must be rejected").[6]
The statute is not unconstitutional as applied to the defendant because the Second Amendment does not "protect the right of citizens to carry arms for any sort of confrontation." Heller, supra at 595. Instead, a central component of the right is self-defense. Id. at 599. The defendant does not claim that he carried the knife in self-defense, but argues that, because he intended to commit suicide, he was not carrying the weapon for an unlawful purpose. Where there was ample evidence at trial to support the conclusion that the defendant used the knife in a violent and unlawful confrontation with the victim, the judge did not err in concluding that he carried the knife for an unlawful purpose.
2. Ineffective assistance. The defendant claims that the judge abused her discretion when she rejected his argument that his trial counsel was constitutionally ineffective. Because the defendant did not raise this claim in his first motion for postconviction relief, we review only for a substantial risk of a miscarriage of justice. See Mass. R. Crim. P. 30 (c) (2) ; Commonwealth v. Randolph, 438 Mass. 290, 294-295 (2002) ; Commonwealth v. Deeran, 397 Mass. 136, 138-139 (1986). "The substantial risk standard requires us to determine 'if we have a serious doubt whether the result of the trial might have been different had the error not been made.' " Commonwealth v. Azar, 435 Mass. 675, 687 (2002), quoting Commonwealth v. LeFave, 430 Mass. 169, 174 (1999). We have no such reservations in this case.
The defendant claims that trial counsel was ineffective for failing to argue, in connection with the charge of annoying communications, that the victim consented to the contact. The defendant's first motion for postconviction relief is not in the record appendix, but on direct appeal, the defendant challenged the sufficiency of the evidence underlying that conviction. See Fox I, 90 Mass. App. Ct. at 1108. This court held that there was sufficient evidence to support the conviction and specifically noted that "[t]he defendant persisted with the calls and text messages in the absence of any response from" the victim. Id. The trial judge declined to revisit the issue, and we too decline to address the defendant's claim other than to state that (1) we do not consider it ineffective for counsel not to argue that the absence of a response from the victim is evidence of her consent to the contact, and (2) we are aware of no case, and the defendant has not called our attention to one, wherein consent has been held to be a defense to a charge of annoying communications.
The defendant also raises two claims of ineffective assistance from which his counsel has found it necessary to disassociate himself in accordance with Commonwealth v. Moffett, 383 Mass. 201 (1981). First, the defendant faults trial counsel for failing to argue with respect to the charge of assault and battery that there was no evidence of abuse or physical force. Where the judge apparently credited the victim's testimony that the defendant forcibly entered her bedroom, grabbed her by the shoulders and shook her, we cannot say that such an argument "might have accomplished something material for the defense." Commonwealth v. Satterfield, 373 Mass. 109, 115 (1977).
Next, the defendant argues that trial counsel should have elicited evidence of a "quid pro quo" whereby an investigating officer stated that he would not file a report with the Department of Children and Families pursuant to G. L. c. 119, § 51A, if the victim obtained an abuse prevention order pursuant to G. L. c. 209A. Even assuming trial counsel knew of this evidence and his decision not to pursue it was "manifestly unreasonable when made," Commonwealth v. Walker, 460 Mass. 590, 598 (2011), such evidence relates only to the victim's credibility. It is well-established that failure to impeach a witness does not constitute ineffective assistance of counsel. See Commonwealth v. Lally, 473 Mass. 693, 709 (2016) ; Commonwealth v. Johnston, 467 Mass. 674, 696 (2014) ; Commonwealth v. Hudson, 446 Mass. 709, 715 (2006).
Order denying motion for new trial and for release from unlawful restraint affirmed.

The facts underlying the defendant's convictions are set forth in detail in our decision in Fox I and need not be recounted here.

At argument, defense counsel asserted that the constitutional claim had not been waived because the theory on which the defendant relies was not sufficiently developed at the time of trial or when he filed his first motion for postconviction relief. See Commonwealth v. Rembiszewski, 391 Mass. 123, 126 (1984), and cases cited. We disagree, as both District ofColumbia v. Heller, 554 U.S. 570 (2008) (holding that Second Amendment guarantees right to keep and bear arms in one's home for purpose of self-defense), and McDonald v. Chicago, 561 U.S. 742 (2010) (individual's Second Amendment right is fully applicable to States), were decided before 2012, when the events leading to the defendant's convictions occurred, and well before 2014, when the defendant's trial took place.

For a facial challenge to succeed, a defendant must establish that no set of circumstances exists under which the statute would be valid, or that the statute lacks any "plainly legitimate sweep." Chief of Police of Worcester v. Holden, 470 Mass. 845, 860 (2015), quoting United States v. Stevens, 559 U.S. 460, 472 (2010). In analyzing a statute's constitutionality, "we are required to presume that every enactment of the Legislature is intended to comply with constitutional constraints." Commonwealth v. Abramms, 66 Mass. App. Ct. 576, 581 (2006).

No published Massachusetts case has addressed whether knives qualify for Second Amendment protection. In Wooden v. United States, 6 A.3d 833, 839 (D.C. 2010), the court noted that "the discourse in Heller is focused exclusively on 'arms' or 'weapons,' meaning firearms when read in context." The Supreme Court of Washington has held that a small fixed-blade knife "does not qualify as an arm under the Second Amendment." Seattle v. Evans, 184 Wn.2d 856, 866 (2015). However, the Supreme Court of Connecticut has held that dirk knives constitute "arms" within the meaning of Heller. State v. Deciccio, 315 Conn. 79, 117 (2014).

Our conclusion is consistent with that of courts in other States with laws prohibiting the possession of certain knives. See People v. Mitchell, 209 Cal. App. 4th 1364, 1375 (2012) (statute prohibiting concealed carrying of dirk knives or daggers not unconstitutional on its face); Lacy v. State, 903 N.E.2d 486, 492 (Ind. Ct. App. 2009) (statute prohibiting possession of switchblade knives does not violate State constitutional right to bear arms).