NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-563

COMMONWEALTH

vs.

PETER J. CHONGARLIDES, SR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Peter J. Chongarlides, Sr., appeals from the denial of his motion to withdraw his guilty plea.  Discerning no abuse of discretion or error of law, we affirm.

Background.  On June 6, 2019, the defendant pleaded guilty to a single count of vandalism, pursuant to G. L. c. 266, § 126A.  Shortly thereafter, the defendant filed a pro se motion to withdraw his guilty plea, alleging ineffective assistance of counsel on several grounds.[1]  On November 12, 2019, a judge of the District Court, who had been the plea judge, denied the motion.  On August 31, 2021, represented by counsel, the defendant filed a second motion to vacate his guilty plea, again

---

[1] The Commonwealth contends this motion was filed on November 4, 2019, but the motion is dated July 17, 2019, and the handwritten docket indicates it was filed July 19, 2019.

alleging ineffective assistance of counsel.  This second motion

was based solely on counsel's failure to file a motion to

suppress identification.[2]  Finding that the defendant was not

deprived of the effective assistance of counsel and had made an

intelligent, knowing, and voluntary waiver of his rights, the

same judge denied the motion.

Discussion.[3]  Where a defendant seeks to withdraw a guilty

plea, the motion is treated as a motion for new trial pursuant

to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501

(2001).  See Commonwealth v. Fanelli, 412 Mass. 497, 504 (1992).

We review the judge's denial of the defendant's motion for new

trial for a "significant error of law or other abuse of

discretion."  Commonwealth v. Grace, 397 Mass. 303, 307 (1986).

"We grant substantial deference to a decision on a motion [to

---

[2] The Commonwealth argues that the defendant's claim is waived
because he did not raise it in his 2019 motion.  We need not
determine whether the defendant did or did not effectively raise
the current claim in his first pro se motion.  The defendant's
second motion was considered on the merits by the judge, as was
within his discretion.  See Mass. R. Crim. P. 30 (c) (2), as
appearing in 435 Mass. 1501 (2001); Commonwealth v. Deeran, 397
Mass. 136, 139 (1986).  The issue is therefore properly before
us.

[3] The defendant contends that the Commonwealth failed to
adequately argue its opposition to the defendant's appeal and
therefore we must reverse.  The Commonwealth's brief is sparse.
Nonetheless, as the appellee, the Commonwealth had no obligation
even to file a brief.  Indeed, an appellate court we can affirm
a criminal conviction on any ground fairly raised and supported
by the record.  See Commonwealth v. Nordstrom, 100 Mass. App.
Ct. 493, 501 n.9 (2021).

withdraw a guilty plea] when the judge passing on the motion is the same judge who heard the plea" (quotation and citation omitted). Commonwealth v. Sylvain, 473 Mass. 832, 835 (2016).

To prevail on a motion to withdraw a plea based on the ineffective assistance of counsel, the defendant must demonstrate (1) performance on the part of counsel falling measurably below that of an ordinary, fallible attorney, that (2) effectively deprived the defendant of a substantial ground of defense. See Commonwealth v. Saferian, 366 Mass. 89, 96 (1974). Where a defendant claims ineffective assistance with respect to counsel's representation incident to a guilty plea, to satisfy the prejudice requirement, the defendant must show (1) a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial, and (2) that a decision to reject the plea bargain would have been rational in the circumstances. See Sylvain, 466 Mass. at 836. The defendant has made no such showing.

The defendant alleges in his supporting affidavit that plea counsel not only failed to file a motion to suppress identification in his case, but never discussed with him the merits of that strategy. Plea counsel avers in her supporting affidavit that she did inform the defendant of the possibility of filing a motion to suppress during a conversation with him in the lockup of the District Court after he was arrested on a new

3

charge and his bail was revoked. The record shows that she had prepared the motion and signed it, so it was ready to file. Plea counsel states that the defendant wanted to forego the motion in order to get a trial date as soon as possible and potentially be released from custody.

The motion judge was not required to credit the defendant's affidavit over that of plea counsel. Commonwealth v. Pingaro, 44 Mass. App. Ct. 41, 48 (1997) ("The judge may decide the motion solely on affidavits," the "credibility, weight, and impact of [which] are entirely within the judge's discretion"). This is especially true where the judge was so particularly well placed to assess the credibility of the affiants, having presided over the plea and subsequent motion hearings.[4] The transcript of the plea colloquy also supports plea counsel's affidavit. During the colloquy, the defendant admitted that he had sufficient time to speak with his attorney before pleading. Plea counsel affirmed that she had explained any potential defenses to the defendant. There was therefore sufficient evidence for the judge to find that the defendant was aware of

_____

[4] The defendant argues that plea counsel's deference to her client on the decision to file a motion to suppress amounted to an abdication of her role as advocate. While the decision to file a motion to suppress is a strategic decision within the province of trial counsel, see Commonwealth v. Hernandez, 63 Mass. App. Ct. 426, 431 (2005), the decision to plead guilty ultimately rests with the defendant. McCoy v. Louisiana, 584 U.S. 414, 422 (2018).

4

the potential for filing a motion to suppress and knowingly made a strategic decision to forego such a filing in order to secure an earlier release.  Accordingly, the defendant has not met his burden of showing that "but for counsel's errors, he would not have pleaded guilty."  Commonwealth v. Clarke, 460 Mass. 30, 47 (2011), quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985).  The judge therefore did not commit an error of law or abuse his discretion in finding that the defendant made an intelligent, knowing, and voluntary waiver of his rights.

> Order dated October 7, 2022, denying motion to withdraw guilty plea, affirmed.
>
> By the Court (Milkey, Henry & Desmond, JJ.[5]),
>
> Assistant Clerk

Entered:  March 26, 2024.

---

[5] The panelists are listed in order of seniority.