BUD MCDEVITT REAL ESTATE, INC. *vs.* JOSEPH P. CORONA. No. 88-P-643. May 11, 1989. *Accord and Satisfaction.*

Claiming to be entitled to a real estate broker's commission for the sale of the defendant's home, the plaintiff broker accepted and deposited a check for $2,050, on the back of which the drawer, Joseph P. Corona, had written, "By acceptance and endorsement of this check the undersigned hereby releases Joseph P. and/or Mary M. Corona from any and all claims it has or may have to the date hereof." The letter by which Corona had sent the check to the plaintiff stated that the defendants were offering to let the broker keep the deposit check ($1,200) and the check for $2,050 by way

of "settlement for a total of [$3,250.00]." The letter specified: "[Y]ou are only to accept the enclosed check and the deposit check in full satisfaction of any and all claims you may have against my wife or myself. Your cashing or depositing of said checks shall be considered your agreement of the above settlement." In these circumstances the deposit of the check by the plaintiff relieved the defendants of further responsibility. See *Worcester Color Co.* v. *Henry Wood's Sons*, 209 Mass. 105, 109 (1911); *Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.*, 216 Mass. 204, 206 (1913); *Goes* v. *Feldman*, 8 Mass. App. Ct. 84, 92 (1979); *Wong* v. *Paisner*, 14 Mass. App. Ct. 923, 924 (1982). The rule stated in *Emerson* v. *Deming*, 304 Mass. 478, 481 (1939), on which the judge relied, is inapplicable because the claim in the present case was unliquidated and in dispute. The judgment ordering payment of the balance claimed is therefore reversed, and a new judgment is to be entered dismissing the action.

*So ordered.*

*Joseph P. Corona*, pro se.
*Robert G. Hayduk* for the plaintiff.