**LINCOLN NATIONAL LIFE INSURANCE COMPANY,**
Plaintiff,

v.

**Konstantinos PRODROMIDIS,**
Defendant.

**Civ. A. Nos. 93–40061–NMG, 93–40080–NMG.**

United States District Court, D. Massachusetts.

Aug. 15, 1994.

Mark A. Michelson, Bret A. Fausett, Choate, Hall & Stewart, Boston, MA, for plaintiff Lincoln Nat. Life Ins. Co.

---

Richard T. Tucker, Weinstein, Bernstein & Burwick, Worcester, MA, for defendant Konstantinos Prodromidis.

## MEMORANDUM AND ORDER

GORTON, District Judge.

Pending before this Court is the Objection to the April 18, 1994 Report and Recommendation of Magistrate Judge Charles B. Swartwood ("the Report and Recommendation"). In that Report and Recommendation, the motion of plaintiff, Lincoln National Life Insurance Company ("Lincoln") for summary judgment was denied. For the following reasons, this Court does not adopt that Report and Recommendation and enters summary judgment in favor) of plaintiff.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The relevant facts in this case are clearly and adequately set forth in the Report and Recommendation and are not disputed by either party. Accordingly, this Court will not repeat them in full in this Memorandum and Order but, instead, will refer to the Report and Recommendation. Of primary importance, however, are the following undisputed facts:

1) By letter dated January 4, 1993, Lincoln informed defendant, Konstantinos Prodromidis ("Prodromidis") that it was denying him coverage because it considered his life insurance policy to be null and void. The letter referred to and enclosed a check which the letter stated represented "the amount of premiums paid, plus interest" for the policy. The check itself had language on the back stating that it "represents refund of premiums plus interest voiding policy # 1560699–28".

2) By letter dated January 22, 1993, Prodromidis's counsel notified Lincoln that they advised Prodromidis to cross out the language on the back of the check and deposit it as a small portion of the damages allegedly owed to him. They further stated that if Lincoln had any objection to this course of action it should so advise.

3) By letter dated February 12, 1993, Lincoln responded with an offer of $5000 to settle the matter in exchange for a release and return of the policy. Lincoln stated that if this settlement is accepted, it would agree to Prodromidis's cashing of the return-of-premiums check.

4) In March 1993, Prodromidis crossed out the language on the back of Lincoln's check and cashed it.

5) *Thereafter*, in a telephone conversation on March 29, 1993, which was confirmed in a letter dated March 31, 1993, Prodromidis's counsel informed Lincoln that Prodromidis "does not accept the offer of settlement" and repeated that he advised Prodromidis to cash the check after crossing out the language on the back.

Lincoln moved for summary judgment arguing that by cashing the check in March 1993, Prodromidis accepted Lincoln's settlement offer and created an accord and satisfaction. The Report and Recommendation focused on the fact that inferences could be drawn from the March 29, 1993 telephone conversation and found that such inferences could permit a factfinder to conclude that there was no meeting of the minds with respect to whether cashing the check would amount to a release of claims or an accord and satisfaction. Accordingly, the Report and Recommendation concluded that summary judgment should be denied.

## II. LEGAL ANALYSIS

### A. *Standard of Review*

■ This Court reviews the Report and Recommendation according to the standards adopted by the United States Court of Appeals for the First Circuit. Findings of fact are approved unless clearly erroneous and questions of law are reviewed *de novo*. *U.S. v. Howard,* 996 F.2d 1320, 1327–28 (1st Cir. 1993); *Rivera–Marcano v. Normeat Royal Dane Quality A/S,* 998 F.2d 34, 37 (1st Cir. 1993). Contrary to the conclusion of the Report and Recommendation, this Court finds that the issue presented is a pure question of law and, therefore, reviews the motion

for summary judgment *de novo*. Nevertheless, this Court is slow to reverse the thoughtfully reviewed, careful conclusions of the Magistrate Judge. *Forcucci v. U.S. Fidelity and Guar. Co.*, 11 F.3d 1 (1st Cir. 1993), *citing, Rivera–Marcano*, 998 F.2d at 37.

■ Summary judgment is permissible when "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Inferences are drawn in favor of defendant, the nonmoving party. *Space Master International, Inc. v. City of Worcester*, 940 F.2d 16 (1st Cir.1991); *Herbert W. Price v. General Motors Corporation*, 931 F.2d 162 (1st Cir.1991) (record viewed in light most favorable to nonmoving party).

In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera*, 957 F.2d 40, 41 (1st Cir. 1992) (*citing Anderson*). A fact is "material" if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Technologies*, 882 F.2d 993 (5th Cir.1989) (*citing Anderson*).

### B. *Accord and Satisfaction*

■ The facts in this action are well-established and undisputed. The issue, therefore, is whether or not, based upon those facts, Prodromidis accepted the settlement offer thereby creating an accord and satisfaction which would entitle Lincoln to judgment as a matter of law. Even if this Court were to consider the existence of potential inferences arising from the March 29 telephone conversation, such inferences would not preclude determination on summary judgment. *See,* Schwartzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 473 (1982) (conflict concerning the ultimate and decisive conclusion to be drawn from undisputed facts does not prevent rendition of summary judgment ... when the court has before it all the facts which formal trial would have produced).

As correctly set forth in the Report and Recommendation, the law is clear that:

a person who accepts and collects a check [which is delivered to him] on the express basis that it constitutes a release [an accord and satisfaction or a settlement], accepts the condition, *notwithstanding protestations* that the check is not so received.

*Goes v. Feldman*, 8 Mass.App.Ct. 84, 92, 391 N.E.2d 943, 948 (Mass.App.Ct.1979) (emphasis added), *citing, Worcester Color Co. v. Henry Wood's Sons Co.*, 209 Mass. 105, 109, 95 N.E. 392 (1911). *See also United States Bobbin & Shuttle Co. v. Thissell*, 137 F. 1, 2 (1st Cir.1904) (an accord and satisfaction is created where person accepts and cashes a check which was accompanied by a statement that the check represented full settlement of a claim for wages, even though person intended to hold the matter of the claim open for future consideration); *Bud McDevitt Real Estate, Inc. v. Corona*, 27 Mass.App.Ct. 1129, 537 N.E.2d 608 (Mass.App.Ct.1989) (the cashing of a check accompanied by a letter stating it was sent as a settlement in full satisfaction of any and all claims against drawer and also stating so on the back of the check, was considered to be an accord and satisfaction and acceptance of the settlement).

In the Report and Recommendation, the Magistrate Judge relies upon the March 29, 1993 conversation in determining whether or not there was an accord and satisfaction, and subsequently whether or not summary judgment was appropriate. This Court believes that reliance was unfounded. The subject conversation occurred after Prodromidis had already cashed the premium check at issue and is therefore irrelevant to the determination. The question of whether an accord and satisfaction had been created is governed by all of the undisputed facts and circumstances of this case that occurred prior to and at the time the check was cashed.

The resolution of the accord and satisfaction issue, although in some instances a question of fact, is a question of law for the Court to decide when the facts are undisputed. *See e.g. Newport Plaza Associates, L.P. v. Durfee Attleboro Bank*, 985 F.2d 640, 644–46 (1st Cir.1993) (in certain circumstances, summary

judgment is an appropriate vehicle for resolution of contract interpretation disputes, because the interpretation of the dispute is an issue of fact only if the language of the contract is ambiguous); *see also Lambert v. Kysar*, 983 F.2d 1110, 1114 n. 4 (1st Cir.1993) (the question of the formation of a contract, although frequently a question of fact, is a question of law for the Court if the evidence of contract formation consists only of writings or is undisputed). The facts in the case at bar, as previously stated, are undisputed and unambiguous.

■ It is well settled that under contract law the offeror controls the offer and the terms of its acceptance. *See Newport Plaza*, 985 F.2d at 645. In its February 12, 1993 letter, Lincoln informed Prodromidis that he could accept the settlement offer and create an accord and satisfaction by cashing the premiums check. There is nothing ambiguous or unclear about the settlement offer. Prodromidis cashed the check and therefore accepted the settlement offer. His later telephone conversation rejecting the offer came after the acceptance.

In a similar situation, a settlement offeror stated that, to accept the settlement, offeree had to date, execute and return one copy of the settlement letter. Offeree did so and then later claimed there was no accord and satisfaction. The United States Court of Appeals for the First Circuit held that the language of the offer was clear and that by manifesting acceptance of the offer according to the terms set forth by the offeror, a binding accord and satisfaction was created. *Id.* at 646–47.

This Court concludes that, based upon the undisputed facts, Prodromidis accepted the settlement offer and created a binding accord and satisfaction by cashing the premiums check. As a matter of law, therefore, Lincoln is entitled to judgment in its favor.

### ORDER

For the foregoing reasons, Lincoln's motion for summary judgment is **ALLOWED**.

So ordered.