**David L. WELLS, Petitioner**

v.

**John MARSHALL, Respondent.**

**Civ. A. No. 93–40217–NMG.**

United States District Court,
D. Massachusetts.

May 5, 1995.

David L. Wells, Gardner, MA, pro se.

William J. Meade, Asst. Atty. Gen., Crim. Bureau, Boston, MA, for respondent.

### MEMORANDUM AND ORDER

GORTON, Judge.

Petitioner, David L. Wells, filed a habeas corpus petition, pursuant to 28 U.S.C. § 2254, on December 9, 1993. Pending before this Court is: 1) a motion to dismiss filed by the respondent, John Marshall, on January 7, 1994, and 2) a motion for summary judgment filed by petitioner on February 10, 1994. The motions were referred to Magistrate Judge Swartwood for Findings and Recommendations, pursuant to 28 U.S.C. § 636(b)(1)(B), and on November 29, 1994, he issued a Report and Recommendation ("R & R") with respect to those motions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 7, 1989, petitioner was convicted in a Massachusetts court for indecent assault and battery on a child under fourteen years of age. On July 10, 1989, he was sentenced to serve between four and seven years at MCI–Cedar Junction. Wells was notified of his right to appeal his conviction and sentence, but no notice of appeal was ever filed. Wells claims that his attorney refused to file an appeal on his behalf because the attorney believed the appeal to be without merit.

On July 11, 1991, petitioner filed a *pro se* motion for a new trial pursuant to Mass. R.Crim.P. 28, 30(a) and 30(b), 378 Mass. 900 (1979). Wells also filed a complaint against the presiding trial judge, who consequently recused himself from further proceedings. Finally, in December, 1993, petitioner filed the pending petition for habeas corpus relief, which he contends prompted the state court to assign his motion for a new trial to a new judge on January 10, 1994.

No hearing has yet been held in the state court on the Rule 30 motion for a new trial. Petitioner claims that the state judicial system is conspiring against him and has no intention of ever addressing the merits of his claim. The Commonwealth contends that

the petitioner is partially responsible for the delay attendant to consideration of his motion.

The Magistrate Judge's report recommends that 1) the respondent's motion to dismiss the petition be denied because the petitioner has exhausted his state remedies, and 2) petitioner's motion for summary judgment be denied because the claims involve genuine issues of material fact. The respondent filed objections to the R & R on December 14, 1994, and the petitioner filed his own objections on January 9, 1995.

On April 5, 1995, the petitioner filed with the First Circuit Court of Appeals a writ of mandamus, pursuant to 28 U.S.C. § 1651 and Fed.R.App.P. 21(a), in which he requests that Court to order this Court to address his claims. Petitioner's claims are addressed herein.

## II. STANDARD OF REVIEW

This Court reviews the R & R in accordance with standards adopted by the United States Court of Appeals for the First Circuit. Findings of fact are approved unless clearly erroneous and questions of law are reviewed de novo. *U.S. v. Howard*, 996 F.2d 1320, 1327–28 (1st Cir.1993); *Rivera–Marcano v. Normeat Royal Dane Quality A/S*, 998 F.2d 34, 37 (1st Cir.1993). Because the motions to dismiss and for summary judgment involve matters of law, the R & R is reviewed *de novo*. This Court is slow to reverse the thoughtfully reviewed, careful conclusions of the Magistrate Judge. *Forcucci v. U.S. Fidelity and Guar. Co.*, 11 F.3d 1 (1st Cir. 1993), *citing, Rivera–Marcano*, 998 F.2d at 37. Nevertheless, for the following reasons the Court declines to adopt the R & R in this instance.

## III. THE HABEAS CORPUS PETITION

Petitioner applies for habeas corpus relief on the following grounds (corresponding to the numbered paragraphs of his petition):

12A: There was a conspiracy to convict him at his trial.

12B: There was fraudulent evidence brought against him at his trial.

12C: The prosecution witnesses offered perjured testimony.

12D: The trial transcripts were tampered with.

12E: Exculpatory evidence was excluded from his trial.

12F: He had ineffective assistance of counsel.

12G: There was a violation of his "RIGHT TO BRING GRIEVANCE" in that the Massachusetts Board of Bar Overseers violated his Due Process rights and his right to adequate counsel under the 14th and 6th Amendments to the United States Constitution.

12H: There was a violation of his "RIGHT TO BRING GRIEVANCE" in that the Massachusetts Commission on Judicial Conduct violated his Due Process and Equal Protection rights under the 14th Amendment to the United States Constitution.

12I: There was a violation of his "RIGHT TO BRING GRIEVANCE" in that the Massachusetts Supreme Judicial Court violated his Due Process and Equal Protection rights under the 14th Amendment, and his 6th Amendment Right to Counsel.

Because petitioner did not appeal his conviction, none of these claims has been submitted to a Massachusetts Appellate Court. Petitioner has asserted grounds 12D (trial transcripts tampered with) and 12F (ineffective assistance of counsel) in his pending Superior Court motion for a new trial.

## IV. THE REPORT AND RECOMMENDATION

A. *The Exhaustion Requirement.*

■ A state prisoner cannot challenge his state court conviction in federal court, pursuant to a petition for writ of habeas corpus, unless he has first exhausted his state judicial remedies. Claims are exhausted when they have been presented to the highest state court available, either on direct appeal or through collateral proceedings. A prisoner shall not be deemed to have exhausted state remedies if he has the right to raise the question presented under any state law or procedure. *See* 28 U.S.C. § 2254(b)

and (c); *Rose v. Lundy,* 455 U.S. 509, 515–16, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982).

■ A petitioner is not required to have exhausted state remedies if: 1) there is an absence of a corrective process available in the state, or 2) circumstances are such that the state process is ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b) and (c).

■ It may be futile for the petitioner to raise his claims in state court: 1) where "inordinate delay by the state or the prosecution renders federal relief appropriate," (*Englehart v. Raikey,* 1993 WL 207773, at p. 5 (D.Mass.1993)), or 2) if state remedies are no longer available to the petitioner because of a procedural default. *See Castille v. Peoples,* 489 U.S. 346, 351–52, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### B. *The Magistrate's Findings.*

In the R & R, the magistrate judge found that it was futile for petitioner to pursue grounds 12D and 12F (transcript tampering and ineffective assistance of counsel) in state court because of the Commonwealth's inordinate delay in hearing and deciding petitioner's motion for a new trial. He also found that, because petitioner did not include the other habeas corpus claims in his motion for a new trial, those grounds are procedurally barred from consideration by the state court.

However, if the federal court finds that petitioner's claims have been exhausted because they are procedurally barred under state law, those same claims will be "procedurally barred in federal court and must be dismissed unless the [petitioner] can show both adequate cause to excuse his failure to raise the claim in state court and actual prejudice resulting from the procedural default." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128 (7th Cir.1990).

The report recommends that this Court:

1) find that petitioner has exhausted his state remedies;

2) find that petitioner has shown both cause for and actual prejudice from the procedural default;

3) deny respondent's motion to dismiss; and

4) hear petitioner's claim on the merits.

### V. DISCUSSION

Contrary to the Magistrate Judge's R & R, this Court finds that the petitioner has not exhausted his state remedies. Therefore, this Court declines to accept and approve the R & R and, instead, will allow respondent's motion to dismiss. In particular, the Court finds that:

1) the delay in the hearing of the motion for a new trial is not entirely attributable to the Commonwealth, and therefore, petitioner's pursuit in state court of grounds 12D and 12F of his petition herein is not futile; and

(2) the other grounds for relief raised in the habeas corpus petition but not in the state court motion are not procedurally barred in state court.

### A. *The Delay Surrounding the Rule 30 Motion for a New Trial.*

■ The exhaustion doctrine will not be applied where the state system inordinately and unjustifiably delays review of a petitioner's claims. *Hall v. DiPaolo,* 986 F.2d 7, 11 (1st Cir.1993); *Englehart,* 1993 WL 207773, at p. 5. In the case at bar, petitioner's motion for a new trial has been pending in the state court since July, 1991. Petitioner asserts, therefore, that he is exempt from the exhaustion requirement and that his habeas corpus petition should be reviewed on the merits. The Court finds, however, that the circumstances surrounding the delay do not indicate that the Commonwealth acted "inordinately and unjustifiably" with respect to petitioner's motion for a new trial.

**1. Petitioner is partially responsible for the delay.** More specifically, petitioner filed an ethical complaint against the trial judge, causing that judge to recuse himself from hearing the motion for a new trial. Because petitioner filed the complaint with the Commission on Judicial Conduct, but failed to file a formal motion for recusal or reassignment in the Superior Court, reassignment of his case was delayed.

**2. Petitioner has not pursued state procedures to remedy the delay.** While petitioner has filed a writ of mandamus in federal court, he has not sought intervention of the Supreme Judicial Court ("SJC") pursuant to M.G.L. c. 211, § 3. Petitioner claims to have filed various discovery motions with the SJC, but it appears that the clerk's office in that court has no record of such filings. In any case, petitioner has not sought, and does not claim to have sought, an order of the SJC to compel the Superior Court to decide his motion.

**3. The Commonwealth has acted to consider further the motion for a new trial.** A new judge was assigned to petitioner's case in January, 1994, promptly after the Assistant Attorney General wrote to the Regional Administrative Justice requesting the reassignment. While the new judge has been responsible for petitioner's motion a new trial for over a year, that delay does not yet lead this Court to conclude that petitioner's pursuit of relief in state court is futile.

Therefore, petitioner has not exhausted his state remedies with respect to claims 12D and 12F. If, however, the state court fails to rule on petitioner's motion before August 31, 1995, this Court will consider a renewed petition for habeas corpus from Wells on the grounds that pursuit of his claims in state court is futile.

B. *The Habeas Corpus Grounds Not Raised in the Rule 30 Motion.*

■ **1. Petitioner can amend his motion.** The report of the Magistrate Judge finds that the new habeas corpus grounds have been waived because they were not included in the original motion for a new trial, as required under Mass.R.Crim.P. 30(c)(2). R & R at 7. The Magistrate Judge concludes, therefore, that it is likely that the state court would refuse to entertain the merits of petitioner's additional claims. *Commonwealth v. Deeran*, 397 Mass. 136, 490 N.E.2d 412 (1986) (where, in a second Rule 30 motion, the trial judge correctly declined to exercise discretion to consider claims which were available but not presented in the original Rule 30 motion).

Mass.R.Crim.P. 30(c)(2) provides, however, that "[a]ll grounds for relief claimed by a defendant under subdivisions (a) and (b) of this rule shall be raised by the defendant in his original or **amended** motion." (emphasis added). The pending motion for a new trial is petitioner's first such motion. Because that motion has not yet been decided, petitioner is apparently still free to amend it to include the additional grounds asserted in his habeas corpus petition.

**2. Furthermore, the state court is likely to consider the merits of petitioner's claims.** The Supreme Court has spoken to this issue:

> [I]n determining whether a remedy for a particular constitutional claim is "available," the federal courts are authorized, indeed required, to assess the likelihood that a state court will accord the habeas petitioner a hearing on the merits of his claim.

*Carsetti v. Maine*, 932 F.2d 1007, 1012 (1st Cir.1991), *quoting Harris v. Reed*, 489 U.S. 255, 268, 109 S.Ct. 1038, 1046, 103 L.Ed.2d 308 (O'Connor, J., concurring).

■ As previously noted, petitioner Wells is currently seeking relief in the Massachusetts courts through a motion for a new trial, pursuant to Mass.R.Crim.P. 30. As a general rule, a defendant cannot assert claims of error in a motion for new trial which could have been, but were not, raised at trial or on direct appeal. *Commonwealth v. Sowell*, 34 Mass.App.Ct. 229, 230, 609 N.E.2d 492 (1993). Because Wells did not directly appeal his conviction, it is possible that the state court will find that the grounds asserted in the Rule 30 motion and in the habeas corpus petition have been waived.

■ However, the Massachusetts courts recognize several exceptions to the waiver rule wherein petitioners have been allowed to assert claims in a motion for a new trial which were not presented during the original trial or in a direct appeal. As discussed in *Commonwealth v. Miranda*, 22 Mass.App.Ct. 10, 15–19, 490 N.E.2d 1195 (1986), exceptions to this waiver rule arise where:

> 1) the error claimed presents a "substantial risk of a miscarriage of justice," *Com-*

*monwealth v. Freeman*, 352 Mass. 556, 563–64, 227 N.E.2d 3 (1967);

2) failure to object at trial or to raise an error on appeal amounts to ineffective assistance of counsel; and

3) the trial judge, in an exercise of discretion, decides to consider the merits of issues which are raised for the first time in the motion for a new trial.

Issues which are considered for the first time in a motion for a new trial are thereby preserved for appellate review as if they had been raised in a direct appeal. *Commonwealth v. Cowie*, 404 Mass. 119, 533 N.E.2d 1329 (1989).

Because petitioner Wells claims that he was denied the right to appeal his conviction due to mistake by his trial counsel, the Massachusetts court is likely to hear his ineffective assistance of counsel claim pursuant to the Rule 30 motion. Furthermore, petitioner's other habeas corpus claims concern his belief that there was a conspiracy to convict him through the introduction of false evidence. Those allegations, if proven, would indicate that petitioner was wrongly convicted. Such circumstances present a substantial risk of injustice, particularly where petitioner failed to obtain appellate review of his conviction. This Court finds, therefore, that the Superior Court is likely to exercise its discretion to consider petitioner's claims on the merits. *See Commonwealth v. Cardenuto*, 406 Mass. 450, 452–453, 548 N.E.2d 864 (1990) (where the Court held that failure of counsel to appeal the denial of the motion for a required finding of not guilty amounted to ineffective assistance of counsel, and that defendant had not waived the issue despite his failure to present it until his second motion for a new trial.)

## V. CONCLUSION

In light of the foregoing, the Court holds that petitioner has not exhausted his state court remedies, and federal habeas corpus review is inappropriate at this time. Federal courts are required to allow state courts to remedy constitutional errors prior to interceding. *Mele v. Fitchburg District Court*, 850 F.2d 817, 819 (1st Cir.1988), *quoting United States ex rel. Kennedy v. Tyler*, 269

U.S. 13, 17, 46 S.Ct. 1, 2, 70 L.Ed. 138 (1925) ("a federal court should not consider questions posed in a habeas petition until the 'power of the highest state court in respect to such questions' has been exhausted.").

## ORDER

Accordingly, it is hereby ordered that:

1) Petitioner's motion for summary judgment is **DENIED**; and

2) Respondent's motion to dismiss is **ALLOWED.**

SO ORDERED.