81 F.3d 147
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
David L. WELLS, Petitioner, Appellant,
v.
John MARSHALL, Respondent, Appellee.
 No. 95-1741.
 United States Court of Appeals, First Circuit.
 March 29, 1996.
 
 David L. Wells on brief pro se.
 Scott Harshbarger, Attorney General, and William J. Meade, Assistant Attorney General, on brief for appellee.
 Before TORRUELLA, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 We have reviewed the record and the parties' briefs and affirm the dismissal of the habeas petition, filed pursuant to 28 U.S.C. § 2254, of petitioner David L. Wells. We rely essentially on the reasons set forth in the district court's Memorandum and Order. See Wells v. Marshall, 885 F.Supp. 314 (D.Mass.1995). We add the following comments.
 
 
 2
 1. Petitioner is not excused from exhausting state remedies merely because he claims that his state trial was unconstitutional and that the allegedly altered trial transcript prevents him from challenging his conviction in any state proceeding. A new superior court judge has been assigned to petitioner's motion for a new trial and petitioner has presented no evidence that he has been thwarted in proceeding before this judge. Indeed, at the April 26, 1995 hearing, the judge stated that he was ready to hear petitioner's claims and, when petitioner indicated that he would rather proceed in federal court, left to petitioner the decision when to reactivate the state action. In this situation, it hardly can be said that resort to state remedies would be futile. See Gagne v. Fair, 835 F.2d 6, 9 (1st Cir.1987) (unless the state remedy is clearly deficient, resort to the state process will not be deemed futile). Comity therefore mandates that the state be given the first opportunity to rule on petitioner's claims. See id.; Layne v. Gunter, 559 F.2d 850, 851-52 (1st Cir.1977) (where the state process was "revived" after petitioner filed a federal habeas petition and therefore currently was available to him, exhaustion of the state process is appropriate), cert. denied, 434 U.S. 1038 (1978).
 
 
 3
 2. We do not see what relevance the problem petitioner is experiencing with his vision has to the exhaustion question. That is, petitioner would face the same difficulties no matter in which court he proceeded. If petitioner requires accommodations--such as extended deadlines for the filing of pleadings--he can ask the state court for such adjustments.
 
 
 4
 3. In closing, we remind petitioner that he must present to the state court all the grounds for relief he intends to raise in the federal court. See Gagne, 835 F.2d at 7 (in order to meet the exhaustion requirement, petitioner "must have fairly presented the substance of his federal habeas claim to the state court before seeking federal review").
 
 
 5
 Affirmed. See Local Rule 27.1.