**Robert E. GLASS, Petitioner,**

v.

**Lynn BISSONNETTE and Thomas Reilly, Respondents.**

**No. CIV.A. 01–40201–NMG.**

United States District Court,
D. Massachusetts.

Feb. 7, 2003.

Eva M. Badway, Attorney General's Office, Dean A. Mazzone, Attorney General's Office, Boston, MA, for Lynn Bissonette, Respondent.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This matter is before the Court on Respondents' motion to dismiss a petition for habeas corpus under 28 U.S.C. § 2254.

### I. *Factual Background*

Petitioner, Robert E. Glass, was found guilty of first degree murder by a jury in Massachusetts state court on May 1, 1985. Upon moving for a new trial, Petitioner's conviction was affirmed by the Supreme Judicial Court ("SJC") as reported at 401 Mass. 799, 519 N.E.2d 1311 (1988). That conviction was subsequently reduced to second degree murder by the trial judge.

Petitioner again moved for a new trial on the following grounds: 1) defective jury instructions as to malice, 2) a valid verdict was not returned, 3) defective jury instructions with respect to unanimity, 4) defective jury instructions generally, 5) the trial court's use of the term "victim" in the presence of the jury, 6) defective jury instructions with respect to extreme atrocity or cruelty and 7) failure to instruct the jury on involuntary manslaughter. The trial court denied that motion and a subsequent motion for reconsideration. The Massachusetts Appeals Court affirmed the trial court in an unpublished opinion on August 11, 2000. One month later the SJC denied Petitioner's application for further appellate review ("ALOFAR").

Petitioner filed a petition for habeas corpus under 28 U.S.C. § 2254 with this Court on September 4, 2001, in which he raised eight grounds for relief: 1) defective jury instructions with respect to malice and extreme atrocity or cruelty, 2) the failure to return a valid verdict, 3) defective jury instructions with respect to unanimity, 4) defective jury instructions generally, 5) the trial court's use of the term "victim" in the presence of the jury and judicial bias, 6) prosecutorial misconduct, 7) failure to instruct the jury on involuntary manslaughter, and 8) ineffective assistance of counsel. Respondents, Lynn Bissonnette and Attorney General Thomas Reilly, now move this Court to dismiss the petition in its entirety because Petitioner has failed to exhaust his state court remedies with respect to grounds two through five and seven.

### II. *Analysis*

Respondents argue that, with respect to the enumerated grounds, Petitioner failed to exhaust his state court remedies and, therefore, is not yet entitled to seek habeas corpus relief in federal court under 28 U.S.C. § 2254. Petitioner, appearing *pro se*, argues that he has adequately exhausted his state court remedies and in the alternative that, if he has not exhausted them, any attempt to do so would be futile.

It is well-settled that, pursuant to 28 U.S.C. § 2254(b) and as a matter of comity, a habeas corpus petitioner must, before seeking federal review, exhaust state remedies by first presenting the substance of his federal claims to the state courts. *See Picard v. Connor*, 404 U.S. 270, 275, 278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *Nadworny v. Fair*, 872 F.2d 1093, 1096 (1st Cir.1989); *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir.1987). The purpose of the exhaustion requirement is to provide state courts a fair opportunity to consider a petitioner's federal constitutional claims before a federal court asserts jurisdiction. *See Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *Picard*, 404

U.S. at 275, 92 S.Ct. 509; *Nadworny*, 872 F.2d at 1096.

A claim is deemed exhausted when it has been presented to the highest state court available, either on direct appeal or through collateral proceedings. *See Wells v. Marshall*, 885 F.Supp. 314, 316 (D.Mass. 1995). While a habeas corpus petitioner has not exhausted state remedies if he has the right to raise the questions presented under any state law or procedure, *see* 28 U.S.C. § 2254(c), he will not be required to exhaust state remedies if either there is an absence of a corrective process available in the state or circumstances are such that the state process is ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B). For example, it may be futile for the petitioner to raise his claims in state court "if state remedies are no longer available to the petitioner because of a procedural default." *Wells*, 885 F.Supp. at 317, *citing Castille v. Peoples*, 489 U.S. 346, 351–52, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

Under the authorities just cited, it is clear that Petitioner exhausted his state court remedies. Respondents do not argue that Petitioner failed to raise his federal constitutional claims in state court. In his brief to the Massachusetts Appeals Court, Petitioner clearly alleged that his federal constitutional rights had been violated as to all grounds for which he now seeks habeas corpus relief from his conviction.

Respondents argue, rather, that Petitioner failed to raise his federal constitutional claims with the SJC. It is true that Petitioner failed to raise any federal constitutional issues in his ALOFAR to the SJC. A close reading of the lower state court decisions considering Petitioner's claims, however, reveals that the trial court orders and the unpublished decision of the Massachusetts Appeals Court made it unnecessary for Petitioner to explicitly raise the federal constitutional claims with the SJC. Those orders and that decision denied Petitioner's claims primarily, if not exclusively, because Petitioner waived his claims when he failed to raise them the first time he moved for a new trial. It is true that grounds three (defective jury instructions on unanimity) and five (use of the word "victim" throughout the trial) appear to have been decided initially by the trial court on the merits. In its order on Petitioner's motion for reconsideration, however, the trial court made it clear that all of Petitioner's claims had been waived. The Massachusetts Appeals Court upheld that reconsideration on that basis.

When Petitioner subsequently submitted his ALOFAR to the SJC, therefore, he prudently focused his arguments on the issue of waiver. Indeed, he argued in his ALOFAR that his claims should be deemed not waived, "if only to fully exhaust all state remedies before bringing the matter to Federal Court." While Petitioner was correct to recognize the need to exhaust, he may not have understood when he so stated that a decision by the state court that he has waived his federal constitutional claims technically amounts to exhaustion. *See Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him.").

The SJC's denial of Petitioner's ALOFAR is a final decision by the state's highest court that Petitioner has waived his federal constitutional claims which are now the bases for his habeas corpus petition before this Court. It is not fatal, therefore, that Petitioner did not explicitly state the federal constitutional bases of his claims for a new trial in his ALOFAR to

the SJC. Petitioner exhausted his state court remedies for the federal constitutional claims he now brings before this Court and Respondents' motion to dismiss for failure to exhaust, accordingly, will be denied.

This Court is cognizant of the fact that procedural default in state court may preclude habeas corpus review. *See Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1996); *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546. That issue has not, however, been raised by the parties and therefore this Court will not address it.

## ORDER

For the reasons set forth in the Memorandum above, Respondents' motion to dismiss is denied.

So ordered.